United States District Court
Southern District of Texas
**ENTERED**
December 11, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT AND BANKRUPTCY COURTS**
**SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| IN RE: | § | |
| KAREN PATRICIA KISCH | § | CASE NO. 4:20-MC-568 |
| | § | |

## MEMORANDUM OPINION

Karen Kisch brought a motion to stay a 90-day suspension order pending appeal, but she failed to meet her burden of proof. On August 28, 2025, the Western District of Louisiana Bankruptcy Court ordered that Karen Kisch be suspended from practicing law in the Western District of Louisiana Bankruptcy Court for 90 days.[1] On September 29, 2025, this Court entered a reciprocal order prohibiting Karen Kisch from practicing in the Southern District of Texas for 90 days.[2] Karen Kisch timely filed a motion for modification which caused this Court to stay its order suspending Karen Kisch from practicing in the Southern District of Texas.[3] But Karen Kisch failed to show that the evidence against her was so clearly lacking or that it would result in a grave injustice for identical discipline to be imposed in the Southern District of Texas that her suspension in the Southern District of Texas should continue to be stayed pending appeal. Thus, this Court will lift the stay it imposed pending the outcome of this hearing and Karen Kisch will be suspended from practicing in the Southern District of Texas from December 11, 2025, until March 11, 2026.

### I. FINDINGS OF FACT

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52. To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent that any conclusion of law constitutes a finding of fact, it is

---

[1] ECF No. 25, Ex. 1, at 120.
[2] ECF No. 14.
[3] ECF No. 19.

adopted as such. This Court made certain oral findings and conclusions on the record. This Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion controls.

## A. Background

1. In 2012, Steven Nahas ("*Mr. Nahas*") formed a loan modification business called NVA Financial Services, LLC ("*NVA*").[4] NVA told clients that they were being represented by NVA attorneys, but in reality, NVA referred the clients to bankruptcy petition preparers.[5]

2. In 2017, an attorney named Karen Patricia Kisch ("*Ms. Kisch*"), who was known as Karen Kealy before her marriage, began working with Steven Nahas and NVA.[6] Ms. Kisch gave Mr. Nahas access to her LawPay account, which Mr. Nahas used to withdraw fees from clients' bank accounts.[7] Ms. Kisch then withdrew her compensation from the LawPay account, which was 10% of the revenue received from clients plus a weekly $1,500 fee.[8]

3. On August 6, 2019, George Martin ("*Mr. Martin*") filed a chapter 13 case in the Western District of Louisiana Bankruptcy Court.[9] In this case, the debtor Mr. Martin alleged NVA withdrew legal fees from his bank account over an extended period, but NVA did not do any actual legal work other than preparing a bankruptcy petition for him to file.[10]

4. On August 28, 2025, in *In re George Martin v. Karen Kealy*, the Western District of Louisiana Bankruptcy Court entered an order suspending Ms. Kisch from practicing law in the Western District of Louisiana Bankruptcy Court for 90 days ("the *Underlying Disciplinary Action*").[11]

5. On September 19, 2025, this Court issued a reciprocal Order suspending ("*Order of Suspension*") Ms. Kisch from practicing in the Southern District of Texas for 90 days.[12]

6. On October 18, 2025, Ms. Kisch timely filed her "Motion For Modification And Stay Of 90-Day Suspension Order" ("*Motion for Stay*").[13]

7. On October 20, 2025, this Court issued its "Order And Notice Of Deficiency"[14] requiring Ms. Kisch to supplement her Motion for Stay to identify all cases currently pending in the

---

[4] ECF No. 25, Ex. 1, at 12-13.
[5] *See* ECF No. 25, Ex. 1, at 16-17, 79.
[6] ECF No. 25, at 13-14.
[7] ECF No. 25, Ex. 1, at 13-14.
[8] ECF No. 25, Ex. 1, at 13-14.
[9] ECF No. 25, Ex. 1, at 15.
[10] ECF No. 25, Ex. 1, at 16-20.
[11] ECF No. 25, Ex. 1, at 120.
[12] ECF No. 14.
[13] ECF No. 15.
[14] ECF No. 16.

      Southern District of Texas and include the clients' names in each matter and file such list with the Clerk of Court.

8. On October 22, 2025, Ms. Kisch timely filed her "List Of Active Cases."[15]

9. On November 24, 2025, the Court held an evidentiary hearing and now issues the instant Memorandum Opinion.

10. On December 1, 2025, Ms. Kisch filed her "Brief In Support Of Motion For Modification Of 90-Day Suspension Order."[16]

## II. ANALYSIS

### A. The underlying disciplinary memorandum opinion

In the Underlying Disciplinary Action, United States Bankruptcy Judge Stephen D. Wheelis ("*Judge Wheelis*") found that:

> Ms. Kisch's lack of candor . . . is appallingly unethical. Ms. Kisch has exhibited a repeated nationwide pattern of hiding her involvement in *pro se* cases starting in 2016, skirting ethical obligations to clients, being discovered, and after disgorgement of de minimis sums imposed by courts in individual cases, reappearing in new venues to perpetuate the foreclosure defense scheme. The Court finds her repeated disregard for the ethical and professional obligation to homeowner clients in need of meaningful legal counseling in their most stressful moments has been motivated by sheer greed. The Court finds more than sufficient cause exists under § 329(b) to bar her to the extent it can from enjoying the fruits of egregious and unethical conduct. *In re Soulisak*, 227 B.R. 77, 82 (Bankr. E.D. Va. 1998). Ms. Kisch is ordered to disgorge the $110.00 - ten percent fee she received from Mr. Martin and pay same to the Chapter 13 Trustee in Case No. 19-31260 within 30 days. Further, this Court will make a disciplinary referral to the State Bar of Texas and the Chief Judge of the Southern District of Texas.[17]

The court then suspended Ms. Kisch from practice in the U.S. Bankruptcy Court for the Western District of Louisiana for a period of 90 days.[18] The final judgment entered by Judge Wheelis as it pertains to Ms. Kisch can be summarized as follows:

1. Pursuant to 11 U.S.C. § 110(1), [Ms. Kisch] violated § 110(b)(l), § 110(b)(2), § 110(c)(2)(A), § 110(c)(2)(B), § 110(e)(2)(B) and § 110(h)(3)(B), these six violations result

---

[15] ECF No. 17.
[16] ECF No. 28.
[17] ECF No. 25, Ex. 1, at 58.
[18] ECF No. 25, Ex. 1, at 120.

      in a fine of $500 for each violation for a total of $3,000 for such violations, and the court having found cause to triple such fine under § 110(1)(2), Ms. Kisch was fined $9,000.00;

2. Pursuant to 11 U.S.C. §110 (i)(l)(B), the court having found the conduct of [Ms. Kisch] fraudulent, unfair and deceptive, pursuant to §110 (i)(l)(B), [Ms. Kisch] shall pay to the Debtor, Mr. Martin, $2,000.00;

3. Pursuant to 11 U.S.C. § 110 (i)(1)(C), the court having found the conduct of [Ms. Kisch] fraudulent, unfair and deceptive, pursuant to § 110 (i)(l)(B), [Ms. Kisch] shall pay to the Debtor, Mr. Martin, $11,000.00;

4. Pursuant to § 110(j)(2)(A), the court granted injunctive relief prohibiting Ms. Kisch from acting as a petition preparer or providing bankruptcy services to an individual who could file a bankruptcy case in the Western District of Louisiana;

5. Pursuant to 11 U.S.C § 528(a)(l), § 528(a)(2), and § 528(b)(2), pursuant to § 526(c)(l), any and all purported Agreements or contracts between [Ms. Kisch] and Mr. Martin are declared null and unenforceable by any person other than Mr. Martin;

6. Pursuant to 11 U.S.C. § 526(a)(3)(A); § 526(a)(3)(B); § 526(c)(2)(A); § 526(c)(2)(B); § 526(c)(2)(C); § 528(a)(l); § 528(a)(2); and § 528(b)(2), pursuant to 11 U.S.C. § 526(c)(2), the court awards damages against [Ms. Kisch] in the amount of $8,000.00, above and beyond any other fines, damages or amounts disgorged;

7. Pursuant to 11 U.S.C. § 526(c)(5), the court imposes civil penalty of $372,000.00;

8. Pursuant to 11 U.S.C. § 329, Ms. Kisch was ordered to disgorge $110.00 in fees, both to be paid to the Chapter 13 Trustee for the estate of the related bankruptcy case.[19]

## B. The Motion for Modification

      In her Motion for Stay, Ms. Kisch states that she and her counsel strongly believe there is a likelihood that the suspension order in the Underlying Disciplinary Action will be reversed because there is no evidence Ms. Kisch was aware of the wrongful conduct of her co-defendants and there is no evidence she personally engaged in wrongful conduct.[20] Ms. Kish states that she is merely guilty by association because there is nothing in the evidence or the memorandum opinion from the underlying case demonstrating that Ms. Kisch knew of her co-defendants' wrongful

---

[19] ECF No. 25, Ex. 1, at 117-22.
[20] ECF No. 15, at 2.

conduct or how she engaged in wrongful conduct herself.[21] By her Motion for Stay, Ms. Kish is seeking a stay of this Court's Order of Suspension pending the outcome of an appeal of the Underlying Disciplinary Action.[22]

**C. Rule 5 of the Rules of Discipline United States District Court Southern District of Texas (Effective September 15, 2025), Appendix A**

Rule 5(D) of the Rules of Discipline United States District Court Southern District of Texas (Effective September 15, 2025), Appendix A ("*Rule*"), states that discipline shall be imposed[23] unless Ms. Kisch establishes that:

(i) the procedure followed in the United States Bankruptcy Court for the Western District of Louisiana, Monroe Division, deprived Ms. Kisch of due process;

(ii) the proof was so clearly lacking that this Court should not accept the final conclusion of the United States Bankruptcy Court for the Western District of Louisiana, Monroe Division;

(iii) the imposition of the identical discipline would result in a grave injustice;

(iv) the misconduct established by the United States Bankruptcy Court for the Western District of Louisiana, Monroe Division, warrants substantially different discipline in this court, or;

(v) the misconduct for which Ms. Kisch was disciplined in the United States Bankruptcy Court for the Western District of Louisiana, Monroe Division, does not constitute professional misconduct in this State or in this court.[24]

Ms. Kisch elected to proceed under Paragraphs (ii) and (iii).[25] Thus, the Court will next consider the evidence presented in support of Paragraph (ii).

**D. Whether, under Paragraph (ii), the proof was so clearly lacking that this Court should not accept the final conclusion of the United States Bankruptcy Court for the Western District of Louisiana**

---

[21] ECF No. 15, at 2.
[22] ECF No. 15, at 6-10.
[23] Rules of Discipline United States District Court Southern District of Texas (Effective September 15, 2025), Appendix A, Rule 5(D).
[24] *Id.*
[25] ECF No. 21.

Ms. Kisch has failed to show that the proof was so clearly lacking that this Court should not accept the final conclusion of the United States Bankruptcy Court for the Western District of Louisiana. Under Rule 5(D)(ii), discipline shall be imposed against an attorney suspended by another United States federal court unless the attorney establishes that the proof was so clearly lacking that the Southern District of Texas should not accept the final conclusion of the suspending court.[26]

Here, Ms. Kisch argues that "there is nothing in the evidence or the memorandum opinion from the [Underlying Disciplinary Action] that demonstrates that Ms. Kisch knew of her co-defendants' wrongful conduct or how she engaged in wrongful conduct herself."[27] Instead, she argues, "the real culprits in the Underlying Disciplinary Action are Ms. Kisch's co-defendants, NVA Financial Services, LLC and its founder, Steven Nahas."[28] Ms. Kisch stated that Mr. Nahas's "modus operandi was kept a secret from Ms. Kisch during her association with them."[29]

But the Underlying Disciplinary Action opinion notes multiple cases where Ms. Kisch acted as a bankruptcy petition preparer while being a licensed attorney prior to her association with NVA.[30] In 2016, in a *pro se* case styled as *In re Alsworth*, Ms. Kisch acted as a petition preparer through an entity called Petition Prep, LLC, while she was a licensed attorney.[31] The U.S. Trustee filed a motion pursuant to 11 U.S.C. § 329 to examine transactions with the debtor, alleging Ms. Kisch did not disclose that she was an attorney, and Ms. Kisch ultimately agreed to disgorge $200.[32] This case shows that Ms. Kisch was acting as a petition preparer while licensed as an

---

[26] Rules of Discipline United States District Court Southern District of Texas (Effective September 15, 2025), Appendix A, Rule 5(D).
[27] ECF No. 28, at 17.
[28] ECF No. 28, at 17.
[29] ECF No. 28, at 17.
[30] ECF No. 25, Ex. 1, at 53-54.
[31] ECF No. 25, Ex. 1, at 53-54.
[32] ECF No. 25, Ex. 1, at 53-54.

attorney even before she started working with NVA in 2017. This further indicates that Ms. Kisch would have known Mr. Nahas was referring clients to petition preparers[33] because she was familiar with these tactics, having engaged in them herself.[34] Ms. Kisch denies that her actions in *In re Alsworth* show that she knew about Mr. Nahas's link to petition preparers but offers no evidence to support that contention.[35] Thus, Ms. Kisch has not shown that the proof is so clearly lacking that this Court should not accept the final conclusion of the Western District of Louisiana Bankruptcy Court.

Also in 2016, Ms. Kisch was listed as a petition preparer in a *pro se* case styled as *In re Cheers*.[36] In *In re Cheers*, the debtor was ineligible for bankruptcy because of her bankruptcy filing history.[37] Despite the debtor's ineligibility, a bankruptcy petition was filed on which Ms. Kisch, a licensed attorney, was listed as the petition preparer.[38] This supports the conclusion that Ms. Kisch was preparing bankruptcy petitions just to gain time to bill the debtor, which is consistent with Mr. Nahas's actions in *In re George Martin*, where he billed Mr. Martin without providing any actual legal assistance.[39] Therefore, the evidence indicates Ms. Kisch should have known that Mr. Nahas billed clients without doing any legal work because she appears to have also billed clients without doing any meaningful legal work in *In re Cheers*. Ms. Kisch denies that her actions in *In re Cheers* indicate that she knew what Mr. Nahas was doing but she offers no evidence to support that contention.[40] Thus, Ms. Kisch has not shown that the proof is so clearly lacking that this Court should not accept the final conclusion of the Western District of Louisiana Bankruptcy Court.

---

[33] *See* ECF No. 25, Ex. 1, at 16-17, 79.
[34] ECF No. 25, Ex. 1, at 53-54.
[35] ECF No. 28, at 4-5.
[36] ECF No. 25, Ex. 1, at 54.
[37] ECF No. 25, Ex. 1, at 54.
[38] ECF No. 25, Ex. 1, at 54.
[39] ECF No. 25, Ex. 1, at 54.
[40] ECF No. 28, at 4-5.

In 2018, Ms. Kisch had to disgorge fees in a bankruptcy case styled as *In re James C. Fuller*,[41] in which she was a co-defendant with ND Processing, a Nahas entity.[42] The U.S. Trustee filed a complaint against Ms. Kisch and ND Processing, among other defendants.[43] This complaint was served on "Kealy Law Center" and it detailed how Mr. Nahas operated by referring clients to bankruptcy petition preparers and charging the clients for legal work that ND Processing did not do.[44] This demonstrates that Ms. Kisch was made aware that Mr. Nahas was referring clients to petition preparers because Ms. Kisch's law firm was served with a copy of the complaint detailing Mr. Nahas's actions.[45] Furthermore, this case took place in 2018, demonstrating that Ms. Kisch would have known about Mr. Nahas's actions prior to *In re George Martin*, the subject of the Underlying Disciplinary Action. Ms. Kisch claims she was never served in *In re James C. Fuller* and doesn't know who "Kealy Legal Center" is.[46] But here again, Ms. Kisch simply denies the allegations and fails to provide any evidence to support her contentions.[47] Thus, Ms. Kisch has not shown that the proof is so clearly lacking that this Court should not accept the final conclusion of the Western District of Louisiana Bankruptcy Court.

Ms. Kisch also argues the Western District of Louisiana Bankruptcy Court did not have the authority to suspend Ms. Kisch because Ms. Kisch was not admitted to practice in the Western District of Louisiana.[48] Local Rule 83.2.10(B)(2) in the Western District of Louisiana provides that the District Court can suspend attorneys admitted to practice in the Western District of

---

[41] ECF No. 25, Ex. 1, at 56-57.
[42] ECF No. 25, Ex. 1, at 56-57.
[43] ECF No. 25, Ex. 1, at 56-57.
[44] ECF No. 25, Ex. 1, at 56-57, 97-98.
[45] ECF No. 25, Ex. 1, at 56-57.
[46] ECF No. 28, at 4-6.
[47] ECF No. 28, at 4-6.
[48] ECF No. 28, at 2-4.

Louisiana for misconduct. Additionally, the Fifth Circuit has held, "it is beyond dispute that a federal court may suspend or dismiss an attorney as an exercise of the court's inherent powers."[49]

Here, Ms. Kisch gave Mr. Nahas access to her LawPay account, which enabled Mr. Nahas to charge Mr. Martin for legal services NVA never provided.[50] Ms. Kisch, therefore, facilitated Mr. Nahas's misconduct which took place in the Western District of Louisiana. Ms. Kisch argues that Local Rule 83.2.10(b)(2) only provides that the court can suspend an attorney "admitted to practice before [it]," and Ms. Kisch is not admitted to the district.[51] Ms. Kisch further argues that the court did not cite to any other authority for the proposition that it could suspend Ms. Kisch.[52] But federal courts have the inherent power to sanction attorneys for misconduct, and local rules do not limit that power.[53] Thus, the Western District of Louisiana Bankruptcy Court had the inherent authority to sanction Ms. Kisch for her misconduct. Therefore, Ms. Kisch has not shown that the proof is so clearly lacking that this Court should not accept the final conclusion of the Western District of Louisiana Bankruptcy Court.

E. **Whether, under Paragraph (iii), the imposition of identical discipline would result in a grave injustice**

Under Rule 5(D)(iii), discipline shall be imposed by the Southern District of Texas Bankruptcy Court against an attorney suspended by another United States federal court unless the

---

[49] *Resolution Trust Corp. v. Bright*, 6 F.3d 336, 340 (5th Cir. 1993); *In re Whitley*, 737 F.3d 980, 987 (5th Cir. 2013) (citing 11 U.S.C. § 105).
[50] ECF No. 25, Ex. 1, at 13-14, 91-92.
[51] ECF No. 28, at 2-4.
[52] ECF No. 28, at 3.
[53] *Resolution Trust Corp.*, 6 F.3d at 340; *see also In re Cruz*, No. 18-10208, 2020 WL 5083326, at *35 (Bankr. S.D. Tex. Aug. 27, 2020) (finding that "[c]ourts may rely on 11 U.S.C. § 105(a) to sanction improper conduct . . . [t]herefore, bankruptcy courts have broad leeway in determining an appropriate sanction for unethical behavior"); *see also In re Zuniga*, 332 B.R. 760, 775 (Bankr. S.D. Tex. 2005) (finding that local rules regarding sanctions "do not limit the judges' inherent powers over lawyers who practice before them"); *see also In re Cash Media Sys., Inc.*, 326 B.R. 655, 671 (Bankr. S.D. Tex. 2005) (the Southern District of Texas Bankruptcy Court sanctioned a lawyer not licensed in the Southern District of Texas for misconduct); *see also In re Dreamplay*, 534 B.R. 106, 120-21 (Bankr. D. Md. 2015) (finding that an out-of-state lawyer not admitted in the District of Maryland could be sanctioned for his misconduct that occurred in the District of Maryland).

attorney shows that it would result in a grave injustice for identical discipline to be imposed in the Southern District of Texas.[54] Here, Ms. Kisch failed to present any evidence showing that the imposition of discipline identical to that imposed by the Western District of Louisiana Bankruptcy Court would result in a grave injustice. Therefore, a 90-day suspension shall be imposed upon Ms. Kisch in the Southern District of Texas because it is identical to the discipline imposed by the Western District of Louisiana Bankruptcy Court and Ms. Kisch failed to show why it would be a grave injustice.

Thus, Ms. Kisch brought a motion to stay a 90-day suspension order pending appeal, but she failed to meet her burden of proof. On August 28, 2025, the Western District of Louisiana Bankruptcy Court ordered that Karen Kisch be suspended from practicing law in the Western District of Louisiana Bankruptcy Court for 90 days.[55] On September 29, 2025, this Court entered a reciprocal order prohibiting Ms. Kisch from practicing in the Southern District of Texas for 90 days.[56] Ms. Kisch timely filed a motion for modification which caused this Court to stay its order suspending Ms. Kisch from practicing in the Southern District of Texas.[57] But Ms. Kisch failed to show that the evidence against her was so clearly lacking that her suspension in the Southern District of Texas should continue to be stayed pending appeal or that it would result in a grave injustice for identical discipline to be imposed in the Southern District of Texas. Thus, this Court will lift the stay it imposed pending the outcome of this hearing and Ms. Kisch will be suspended from practicing in the Southern District of Texas from December 11, 2025, until March 11, 2026.

### III. Conclusion

---

[54] Rules of Discipline United States District Court Southern District of Texas (Effective September 15, 2025), Appendix A, Rule 5(D)(iii).
[55] ECF No. 25, Ex. 1, at 120.
[56] ECF No. 14.
[57] ECF No. 19.

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

**SIGNED December 11, 2025**

*[Signature]*

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**